**Fernando MOULIER, Plaintiff–Appellant,**

v.

**W. MOSS, Corrections Officer; R. Pflueger, Corrections Officer; Hooks, Corrections Officer; Green Haven Correctional Facility; O'Connell, Mr., Administrative head of Medical Dept at Attica Correctional Facility, Defendants–Appellees.**

**Docket No. 01–0085.**

United States Court of Appeals, Second Circuit.

Aug. 6, 2002.

Fernando Moulier, pro se, Malone, NY.

Eliot Spitzer, Attorney General for the State of New York (Michael S. Belohlavek, Deputy Solicitor General, of counsel; Patrick J. Walsh, Assistant Solicitor General, of counsel), New York, NY.

PRESENT: MINER and SACK, Circuit Judges, and BERMAN,* District Judge.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be, and it hereby is, AFFIRMED.

The plaintiff-appellant Fernando Moulier, *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*), which dismissed his 42 U.S.C. § 1983 complaint following a jury verdict for the defendants. The plaintiff, who is currently incarcerated, alleges that correctional officers at the Green Haven Correctional Facility assaulted him in violation of his Eighth Amendment right to be free from cruel and unusual treatment. He also asserts that officials at the Attica Correctional Facility were deliberately indifferent to his medical needs in violation of the Eighth Amendment because they failed to provide him with necessary therapy following a stroke.

On appeal, the plaintiff challenges several evidentiary rulings of the district court. We review a district court's evidentiary rulings for abuse of discretion. *Phoenix Assoc. III v. Stone*, 60 F.3d 95, 100 (2d Cir.1995). Even if we think that the district court abused its discretion, we will not set aside a jury verdict if those errors were unlikely to have affected the outcome

* Of the United States District Court for the Southern District of New York, sitting by designation.

of the case. *Id.* at 105. Having reviewed the trial transcript, we conclude that to the extent, if any, that any of the district court's evidentiary rulings were in error, the errors were harmless.

The plaintiff also argues on appeal that the jury should have been instructed to draw a negative inference from the fact that one of the prison doctors who treated him was not called as a witness. Because this doctor was equally available to both parties, the district court did not abuse its instruction in refusing to give this charge. *See United States v. Adeniji,* 31 F.3d 58, 65 (2d Cir.1994).

The judgment of the district court is hereby AFFIRMED.